UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SKAGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13 CV 1835 CDP |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On September 18, 2013, Jason Skaggs filed this action under 42 U.S.C. §405(g) seeking judicial review of the Commissioner of Social Security's final decision denying his application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§401 *et seq*. Defendant then moved to dismiss the case, pointing out that plaintiff's complaint time for filing expired on September 5, 2013. Because Skaggs does not demonstrate extraordinary circumstances to justify tolling the statute of limitations, I will grant Defendant's motion to dismiss.

### **Procedural History**

On November 3, 2010, Jason Skaggs filed a Title II application for a period of disability and benefits. Skaggs also filed a Title XVI application for supplemental security income on November 29, 2010. Both applications alleged disability beginning on October 27, 2010. Following a hearing on January 19, 2012, the

Administrative Law Judge (ALJ) issued a decision denying Skaggs' claim, dated March 16, 2012.  The Appeals Council denied Skaggs' request for review on July 2, 2013, and sent Skaggs notice of that decision the same day.

## Legal Standard

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) must be converted to a motion for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court."  Rule 12(d), Fed. R. Civ. P.  Defendant's motion to dismiss attached a declaration regarding the dates and procedures used in plaintiff's case, and also attached the notice of decision and notice of the appeals council.  These documents reflect the dates the notices were sent to plaintiff.  Plaintiff's counsel has had an opportunity to respond and has not contested the dates.  I will therefore consider this as a summary judgment motion.  Summary judgment is appropriate only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.   Rule 56(a), Fed. R. Civ. P.; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## Discussion

A civil action requesting judicial review must be filed within 60 days of the final decision of the commissioner.  42 U.S.C. § 405(g).  Denial of review by the Appeals Council constitutes notice of the Commissioner's decision.  20 C.F.R. §

422.210(c); 20 C.F.R. § 404.981. Receipt is presumed to be within five days of the date of notice unless there is a reasonable showing to the contrary. 20 C.F.R. § 404.901. In the present case, notice of denial is dated July 2, 2013 and therefore receipt is presumed on July 7, giving Skaggs until September 5 to file an action in this court. Skaggs filed his complaint on September 18, which was thirteen days after the statute of limitations expired. In his response to the motion, Skaggs states that counsel was ill at some unspecified time and asks that the delay be excused. Skaggs never requested an extension of the 60-day statute of limitations from the Appeals Council, as he could have done under 20 C.F.R. § 422.210(c). The undisputed facts show that his filing in this court was not timely.

Although Skaggs does not explicitly ask the court to apply equitable tolling to the limitations period, he states that he has demonstrated extraordinary circumstances to justify the late filing. Equitable tolling is generally permitted only when there has been fraudulent or misleading conduct on the part of someone other than the claimant that hinders a claimant's attempts to exercise his rights. *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988), *See Wong v. Bowen*, 854 F.2d 630 (2nd Cir. 1988). Even illness on the part of the claimant is insufficient to justify equitable tolling. *Wong* at 631. Simple negligence on the part of claimant's attorney has also been held insufficient. *See Harris v. Chatter*, 1995 WL 620015, 68 F.3d 478 (8th Cir. Oct. 24, 1995) (per curiam unpublished opinion). Skaggs has

not alleged any misconduct by the government or any other actor, and the record does not indicate any such conduct. Therefore, tolling of the statute of limitations is not justified.

I conclude that there exists no genuine issue of material fact regarding the timeliness of Skaggs' complaint, his failure to file for an extension of the 60-day period with the appeals council, or the existence of any factor that would justify equitable tolling of the statute of limitations. Therefore Defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [#10] is GRANTED.

A separate judgment in accordance with this Memorandum and Order is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2014.